**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                      CASE NO. 8:11-CR-615-T-33EAJ

**OTIS FRED MARTIN**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Defendant's **Motion for Leave to Appeal In Forma Pauperis** and **Motion to Appoint Counsel** (Dkt. 38) filed on July 26, 2013. On April 11, 2012, Defendant pled guilty pursuant to a plea agreement to Count One of the Indictment which charged defendant with possession with intent to distribute 28 grams or more of cocaine base. He was sentenced to 70 months in prison. Defendant's judgment of conviction was entered on July 26, 2012 (Dkt. 30). One year later, Defendant seeks to directly appeal that judgment without paying filing fees and to have appointed counsel.

Rule 4(b)(1)(A), Fed. R. App. P., provides that, in a criminal case, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." The time to file a notice of appeal may be extended "for a period not to exceed 30 days" upon a finding of good cause or excusable neglect. Rule 4(b)(4), Fed. R. App. P. The deadline set forth in Rule 4 is "jurisdictional and strictly applied." United States v. Phillips, 225 F.3d 1198, 1199 (11th Cir. 2000).

This court is not authorized to extend the deadline for Defendant's direct appeal beyond the deadline prescribed by Rule 4. See United States v. Brown, 192 F. App'x 942, 943-44 (11th Cir. 2006) (per curiam) (unpublished).

Even liberally construing Defendant's appeal as brought pursuant to 28 U.S.C. § 2255, the one-year deadline for filing a § 2255 motion expired on July 26, 2013, and Defendant's claim that his attorney failed to file a direct appeal on his behalf is not supported by any plausible evidence.[1] See id.

Because Defendant's appeal faces dismissal for untimeliness, Defendant is not entitled to in forma pauperis status.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) Defendant's Motion for Leave to Appeal In Forma Pauperis and Motion to Appoint Counsel (Dkt. 38) be **DENIED**; and

(2) Defendant's direct appeal be dismissed as untimely.

DONE and ORDERED in Tampa, Florida, this __20th__ day of August, 2013.

ELIZABETH A JENKINS
United States Magistrate Judge

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).

---

[1] For example, Defendant refers to a recent letter from his former attorney advising him to seek appointment of counsel, but the letter is not of record. (Dkt. 38 at 3)

2